UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JIMMIE EMERY

VERSUS

TOWER CREDIT, ET AL.

CIVIL ACTION

NO. 13-12-JJB

**NOTICE TO PARTIES**

The court has made a sua sponte inquiry as to the existence of subject matter jurisdiction in this matter. The Plaintiff has filed several motions (documents 15, 17, and 18) in addition to the complaint, which are deferred pending a decision as to subject matter jurisdiction.

Jimmie Emery, plaintiff, filed suit against that Tower Credit, defendant, for an alleged violation of a settlement agreement. In the complaint, the plaintiff states that a settlement was agreed upon six days prior to a scheduled trial before bankruptcy court. The plaintiff claims that the agreement was, then, not faithfully followed by the defendant. The plaintiff brings this lawsuit seeking the following remedies: reversal of the settlement agreement and recovery of payment made in accordance to the settlement. The salient issue is whether this court has the jurisdiction to enforce the agreement.

More precisely, the question is whether the plaintiff has satisfied his burden of establishing this court's subject matter jurisdiction. A lawsuit must be dismissed if it appears that the Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1), (h)(3). The party asserting jurisdiction bears the burden of establishing the court's subject matter jurisdiction.

*U.S. Fire Ins. Co. v. Housing Authority of New Orleans*, 2013 WL 144043 (E.D. La. Jan. 11, 2013). (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391 (1994)). Enforcement of a settlement agreement is more than a continuation of a previous action and requires its own basis for jurisdiction. Kokkonen, 511 U.S. 375, 378. Unless specifically stated in the settlement agreement, federal courts do not retain jurisdiction of the agreement and enforcement of such an agreement becomes a state issue. Id. at 382.

The plaintiff has not satisfied the burden of establish the court's subject matter jurisdiction. Nothing in the complaint or in any of the motions that follow does he satisfy the burden of establishing the jurisdiction. There is no appearance of diversity; the settlement agreement was not reached in this court so it is clear that this court did not retain jurisdiction over the settlement. It appears that any action to enforce the settlement would have to be brought in federal bankruptcy court, state court, or city court. To the extent that the plaintiff may be attempting to appeal an action of the city court, the claims are frivolous.

For the abovementioned reasons, the matter shall be dismissed for lack of subject matter jurisdiction unless the plaintiff shows in writing within five days that there is an independent basis for subject matter jurisdiction.

Baton Rouge, Louisiana, May 30, 2013

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA